32486, 32487. ALLEN *v.* ATLANTA & WEST POINT
RAILROAD COMPANY; and *vice versa.*

Decided September 30, 1949.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff.

*Morris B. Abram, Heyman, Howell & Heyman, Hugh Howell* Jr., for defendant.

WORRILL, J. The two cases before the court come here on the plaintiff's exception to the sustaining of the demurrers, and on the defendant's cross-bill of exceptions complaining of the overruling of certain special demurrers. The questions to be determined are as follows: 1. Does the petition show a gratuity only, or does it show a release in accord and satisfaction such as cannot be avoided without paying or tendering the consideration received? 2. Does the petition show the deceased was a trespasser, and if so, was it the defendant's duty to anticipate the presence of the deceased on the tracks?

We think that the first question presents no great diffi-

culty. The only material allegation in count one of the petition relating to that question states that the plaintiff is informed that the defendant 'claims to have a release in accord and satisfaction. By no process of reasoning can this allegation be construed to mean that the plaintiff admits or concedes that she has signed such an instrument or that the defendant has in its possession any such instrument. She does not allege that she signed any instrument, and thus there are no allegations of fact which would necessitate an avoidance of such an instrument. Count one does not show an accord and satisfaction, and by its allegations sets forth a cause of action based on wilful and wanton injury. Count two, which makes no reference to a release, sets forth a cause of action based on the alleged negligence of the defendant. It follows that the trial judge erred in sustaining the defendant's demurrer to each count of the petition on the ground that each count affirmatively showed an accord and satisfaction.

■ The next question to be determined is: Does the petition show the deceased was a trespasser, and if so, was it the defendant's duty to anticipate the presence of the deceased? The plaintiff alleges in her petition, and the pleadings therein show, that a train operated by the defendant struck and killed the plaintiff's four-year-old son on a trestle spanning Pryor Road, at a point in Fulton County where Pryor Road and Manford Road intersect. That the defendant's agent saw the child from a distance of 250 yards and then negligently killed him. The plaintiff alleges that, since, along the track at the point of the homicide, there was a path which was frequently used by pedestrians, including children, and since this fact was known by the engineer of the train, there was actionable negligence by the engineer in not anticipating the presence of the child and thereby avoiding the homicide.

Since a four-year-old child does not know right from wrong in general, and cannot legally commit offenses against the law of the land, it naturally follows that such child cannot be guilty of intentional trespass. Even if the child was a trespasser, it would be a question of fact for the jury to determine and also a question for the jury's determination whether it was the defendant's duty to anticipate the deceased's presence, inasmuch as the allegations of the petition are sufficient to withstand a general demurrer relative to that.

■ We come now to consider the cross-bill of exceptions and the exceptions pendente lite complaining of the overruling of certain special demurrers. The first question presented is whether the allegations of the first count of the petition relating to the duty of the defendant to anticipate the presence of the deceased upon its tracks at the time and place were properly a part of that count, since the theory upon which the count was laid seems to have been that the defendant's servants actually saw the child on the track, and continued to operate the train in his direction and ran over him without applying the brakes, and is based on actual negligence rather than implied negligence. We do not think that we can say that these allegations were not properly a part of this count of the petition. At least they serve to illustrate the contention that the defendant's servants did in fact see the child, since it raises an inference that they, knowing of the likelihood of the presence of pedestrians on the track, were on a lookout for them. We do not think that the defendant has shown that these allegations should be stricken from the petition.

The special demurrers to count two which the trial court overruled, and of which complaint is here made by way of the cross-bill, sought to have stricken from the petition certain allegations respecting the negligence charged to the defendant in the operation of the engine and cars that struck the plaintiff's son. We do not think that these demurrers should have been sustained, and therefore the exceptions pendente lite and the cross-bill of exceptions to this court show no error.

The trial court erred in sustaining the general demurrers to each count of the petition and in dismissing the same, and for this reason the judgment must be reversed on the main bill of exceptions.

*Judgment reversed on the main bill of exceptions, affirmed on the cross-bill. Sutton, C. J., and Felton, J., concur.*